THE MISSOURI PACIFIC RAILWAY COMPANY v. N. A. BORRER *et al.*

No. 106.

1. RAILROADS—*Injury to Stock—Pleading.* In an action brought against a railway company to recover damages for the alleged killing of stock, where the petition alleges that the railway company had failed to inclose its road with good and lawful fences, it is unnecessary for the plaintiff to allege further that the place so left uninclosed was not one which said company was not compelled by law to inclose.

2. ———— *Sufficient Evidence.* While the evidence in this case is conflicting, there is sufficient evidence upon every material proposition to support the verdict and judgment.

3. ———— *Consistent Findings.* The special findings in this case are consistent with each other and with the verdict.

4. ———— *Attorney's Fee.* It is not error to allow the recovery of an attorney's fee in an action brought under the railroad stock law of 1874 simply because the demand made upon the railroad company prior to the commencement of the action was for a greater sum than that which was recovered upon the trial of the case.

MEMORANDUM.—Error from Anderson district court; A. W. BENSON, judge. Action for injury to stock by N. A. Borrer and Julia Borrer against The Missouri Pacific Railway Company. Judgment for plaintiffs. Defendant brings the case to this court. Affirmed. The opinion herein, filed May 8, 1896, states the material facts.

*Waggener, Horton & Orr*, and *David Kelso*, for plaintiff in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought in the district court of Anderson county by N. A. Borrer and Julia Borrer against the Missouri Pacific Railway Company for damages arising from the killing of certain

stock by said company in the operation of its road. There was a verdict and judgment for the plaintiffs below, and the company brings the case here for review.

The first point to which our attention is directed by the brief of plaintiff in error is an alleged defect in the allegations of the petition. The action was brought under the railway stock or fence law of 1874, and the petition alleges that the said railway was not inclosed with a good and lawful fence to prevent stock from going upon the track at the place where the animals in question strayed in and on the ground occupied by said railway company. The plaintiff in error contends that this is not a sufficient allegation, but that the petition must also contain, under the rules of pleading, the negative allegation that the place referred to was not one which the railway company was not compelled to fence. We do not so understand the rule as laid down by the supreme court of this state. In *U. P. Rly. Co. v. Dyche*, 28 Kan. 200, and *A. T. & S. F. Rld. Co. v. Shaft*, 33 id. 521, it is plainly laid down that such allegation is unnecessary in a petition drawn under the statute in question. It is sufficient if the petition allege that the railway company had failed to inclose its road with a good and lawful fence, and if for any reason the company is relieved from fencing its road at the particular place where stock enter thereon it devolves upon the railway company to show such fact as a matter of defense, and the burden of proof is upon the company to establish the exception.

The second contention is that the evidence did not prove the cause of action pleaded or relied upon in the petition, and therefore that the demurrer to the evidence filed by the railway company should have been

sustained. The first variation between the pleading and proof to which our attention is particularly directed is that the petition alleges that the road had not been properly inclosed, but that the contention at the trial was that the company failed to keep in good repair and failed to maintain the fence which had been lawfully constructed. The petition fully covers the ground in this matter, for it not only alleges that the railway company was not inclosed with a good and lawful fence, but that the injury was caused and the damages arose by reason of the omission and negligence of the defendant to construct and maintain lawful fences where the animals in question strayed upon said railway and were injured. Under this head, plaintiff in error further contends that the evidence shows that the defendants in error were guilty of contributory negligence ; but this question was fully submitted to the jury who tried this case under proper instructions, and, whatever our opinion might be as to the correctness of the finding in that regard, we could not now disturb the verdict, there being evidence to sustain it upon that point.

It is further argued that the general verdict is not sustained by the evidence, that the special findings of the jury are inconsistent with each other, and that some of the findings are not sustained by any evidence. We have carefully examined the record in this case, and are clearly of the opinion that there is sufficient evidence to sustain the general verdict and each of the special findings. It is true that, at first reading, two or three of the special findings seem to be inconsistent with each other, but by a careful perusal of all the findings, and the evidence in connection therewith, the answers become plain and consistent.

Finally, it is argued that the claim for attorney's fee

could not have been allowed, for the reason that the demand on the railway company for damages, made prior to the commencement of the action, was for a greater sum than that which was recovered. We cannot conceive that such a rule would be fair and reasonable. Men's ideas differ as to the value of stock, and to hold that because a demand was made for a greater amount than that which was finally recovered bars the recovery of an attorney's fee, would be practically to abolish the recovery of an attorney's fee in cases of this nature, and nullify that section of the statute which permits such recovery.

Perceiving no error in this case, the judgment of the district court is affirmed.

We desire to call attention to the fact that no brief has been filed by the defendants in error in this case. It is the duty of counsel to see that a proper brief is prepared, in order that the attention of the court may be directed toward the different decisions which govern the case, and the court should not be compelled to perform that part of the labor which belongs to the counsel.

DENNISON, J., concurring.

JOHNSON, P. J., not sitting, having been of counsel.